2007 OK 70

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Janet Bickel PHILLIPS, Respondent.**

SCBD No. 5285.

Supreme Court of Oklahoma.

Sept. 25, 2007.

ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 Upon consideration of the Oklahoma Bar Association's application for an order approving the resignation of Janet Bickel Phillips pending disciplinary proceedings, this Court finds:

1. On July 3, 2007, Phillips submitted her affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings.

2. Phillips' affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) she was not subject to coercion or duress; and c) she was fully aware of the consequences of submitting her resignation.

3. Phillips states the following in her affidavit of resignation:

I am aware a disciplinary proceeding pursuant to Rule 7, [Rules Governing Disciplinary Proceedings], *as amended by* 2007 OK 1 [174 P.3d 566], is pending before the Supreme Court of the State of Oklahoma in *State of Oklahoma v. Janet Bickel Phillips,* OBAD # 1702, SCBD # 5285. The matter was filed after I entered guilty pleas on September 8, 2006 in exchange for a five (5) year deferred sentence in Wagoner

County District Court Case No. CF–2006–037 for offering false evidence in violation of 21 O.S. 453 and for Possession of Controlled Dangerous Substance in violation of 63 O.S. 2–402, and in Oklahoma County District Court Case No. CF–2006–597 for Perjury in violation of 21 O.S. 491. I acknowledge that on March 27, 2007, the Court issued an Order of Interim Suspension immediately suspending me from the practice of law in accordance with Rule 7.3, RGDP, *as amended by* 2007 OK 1. Further, I acknowledge that I have filed a response to the Court's order issued March 27, 2007 setting a date for me to show cause why the suspension should be set aside and why final discipline should not be imposed. However, I am unequivocally waiving my right to explain my conduct and submit evidence tending to mitigate the severity of discipline.

4. Phillips is aware that the allegations set forth, if proven, would constitute violations of the Oklahoma Rules Governing Professional Conduct, Okla. Stat. tit. 5, ch. 1, app. 3–A (2001), and her oath as an attorney. She waives any and all right to contest the allegations.

5. Phillips' resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), Okla. Stat. tit. 5, ch.1, app. 1–A (2001), and it should be approved.

6. Phillips acknowledges and agrees that she may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11 RGDP, and she will make no application for reinstatement prior to the expiration of five years from the effective date of this Order Approving Resignation Pending Disciplinary Proceedings.

7. Phillips acknowledges that, as a result of her conduct, the Client Security Fund may receive claims from her former clients. Phillips agrees that, should the Oklahoma Bar Association approve and pay such Client Security Fund Claims, she will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

8. Phillips acknowledges that the Oklahoma Bar Association has incurred costs in the investigation of this matter but has agreed to waive these costs.

9. The official roster address of Phillips as shown by Bar Association records is Janet Bickel Phillips, 60 Mazie Landing Ct., Chouteau, Oklahoma 74337.

¶ 2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the name of Janet Bickel Phillips be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Phillips may not make application for reinstatement prior to the expiration of five years from the effective date of this order. Pursuant to Rule 9.1, Phillips shall notify all of her clients having legal business pending with her of her inability to represent them and of the necessity for promptly retaining new counsel. Notification shall be given to these clients within twenty days by certified mail. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the attorney shall be one of the conditions of reinstatement.

¶ 3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 24th day of September, 2007.

/s/ James R. Winchester
James R. Winchester, Chief Justice

CONCUR: WINCHESTER, C.J., HARGRAVE, OPALA, WATT, TAYLOR, COLBERT, JJ.

CONCURS IN RESULT: KAUGER, J.

NOT PARTICIPATING: EDMONDSON, V.C.J.

KAUGER, J., concurs in result.

I would make the date of the application for reinstatement run from the date of Respondent's interim suspension.